IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                                          NO. 3:19-CR-11-14

ERIC ARMSTRONG

## ORDER

This multi-defendant criminal case is before the Court on Eric Armstrong's motion to dismiss. Doc. #129.

## I
## Procedural History

On February 28, 2019, Eric Armstrong and thirteen codefendants were named in a seventeen-count indictment charging various crimes related to an alleged drug distribution conspiracy. Doc. #1. Armstrong made an initial appearance in this case on March 28, 2019. Doc. #49. On April 3, 2019, Armstrong waived his right to appear at arraignment and entered a plea of not guilty. Doc. #87.

On September 25, 2019, Armstrong filed a motion to dismiss "for the government's failure to prosecute him in a timely manner as required by" the Speedy Trial Act. Doc. #129 at 1. The government responded to the motion on October 3, 2019. Doc. #131. The same day, the government moved to sever two defendants who had not yet been located and arrested—Tarrell Jackson and Son Hai Nguyen—from the prosecution of Armstrong and his eleven other codefendants. Doc. #130. Nguyen was subsequently apprehended and made an initial appearance on November 21, 2019. Doc. #139. The motion to sever was granted only as to Jackson on November 22, 2019.

# II
# Analysis

18 U.S.C. § 3161, also known as the Speedy Trial Act, "requires that trial must begin within seventy days of the later of the filing date of the information or indictment, or the date the defendant has appeared before a judicial officer of the court in which such charge is pending." *United States v. Rojas*, 812 F.3d 382, 409 (5th Cir. 2016) (internal quotation marks and alterations omitted). The seventy-day period does not include "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).

Reasonableness is measured by "either (1) the totality of the circumstances prior to trial; or (2) the actual prejudice suffered by the appellant as a result of the delay." *United States v. Stephens*, 489 F.3d 647, 654 (5th Cir. 2007) (internal quotation marks omitted). The totality inquiry "focuses on the necessity of the delay, giving proper consideration to the purpose [of the exclusion]– accommodating the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." *Id*. (quotation marks omitted). With respect to prejudice, "relevant considerations include whether the delay impaired the appellant's ability to defend himself or resulted in excessive pretrial incarceration." *United States v. Bieganowski*, 313 F.3d 264, 283 (5th Cir. 2002). Here, the delay is reasonable under either formulation.

First, "[t]he utility of a joint trial is particularly compelling" where, as here, "the defendants [are] charged with a single conspiracy so that the government could be expected to recite a single factual history, put on a single array of evidence, and call a single group of witnesses." *United States v. Franklin*, 148 F.3d 451, 457 (5th Cir. 1998) (internal quotation marks omitted). A delay to apprehend a co-conspirator is necessary to effectuate this purpose. *Id*. Similarly, the Court finds no prejudice to Armstrong in the delay. It appears Armstrong is not in custody. *See* Doc. # 51

(secured bond posted by Armstrong). Furthermore, his motion identities no prejudice in his ability to defend himself.

Under these circumstances, the Court concludes that the 239-day delay between Armstrong's initial appearance and the severance of his codefendant is excludable under the Speedy Trial Act. *See generally United States v. Tobin*, 840 F.2d 867, 869–70 (11th Cir. 1988) (delay of eight months and ten days to apprehend co-conspirator reasonable).

### III
### Conclusion

For the reasons above, Armstrong's motion to dismiss [129] is **DENIED**.

**SO ORDERED**, this 22nd day of November, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**