IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**V.**             **NO. 3:19-CR-11-14**

**ERIC ARMSTRONG**

### ORDER

In this multi-defendant criminal case, Eric Armstrong has moved "to sever the trial of Counts One, Eight and Nine from that of Count Sixteen." Because joinder of these counts is proper, and because Armstrong has failed to demonstrate any prejudice from their joinder, severance will be denied.

### I
### Procedural History

On February 28, 2019, Eric Armstrong and thirteen codefendants were named in a seventeen-count indictment. Doc. #1. Four of the seventeen counts involve Armstrong. Specifically, the indictment charges Armstrong with (1) from August 1, 2016, through August 31, 2018, conspiracy to distribute and possess with intent to distribute a mixture in excess of 500 grams containing methamphetamine (Count One); (2) on or about July 20, 2017, distribution of a mixture in excess of 500 grams containing a detectable amount of methamphetamine (Count Eight); (3) on or about July 20, 2017, using the United States Postal Service to distribute a mixture in excess of 500 grams containing a detectable amount of methamphetamine (Count Nine); and (4) on or about March 1, 2018, possession with intent to distribute a mixture containing a detectable amount of methamphetamine (Count Sixteen). *Id.* at PageID ##1, 4, 7.

On March 5, 2020, Armstrong filed a "Motion for Relief from Prejudicial Joinder of Counts," seeking to "sever the trial of Counts One, Eight and Nine from that of Count Sixteen."

Doc. #181. The government did not respond to the motion.

## II
## Analysis

Generally, a motion to sever requires a court to undertake two distinct inquiries: (1) whether initial joinder was proper under Rule 8 of the Federal Rules of Criminal Procedure; and (2) if initial joinder was proper, whether severance should be granted under Criminal Rule 14(a). *See United States v. McRae*, 702 F.3d 806, 820–22 (5th Cir. 2012).

### A. Rule 8

Under Rule 8(a), "[a] district court may join separate offenses in the same indictment if the offenses are of the same or similar character, based on the same act or transaction, or connected with or parts of a common scheme or plan." *United States v. Huntsberry*, __ F.3d __, No. 18-31269, 2020 WL 1815120, at *11 (5th Cir. Apr. 10, 2020). "Joinder of charges is the rule rather than the exception and Rule 8 is construed liberally in favor of initial joinder." *Id*.

Courts apply one of two tests to determine whether counts are of a same or similar character. 1A Charles Alan Wright & Andrew D. Leipold, *Federal Practice and Procedure* § 144 (5th ed. 2020). "Some courts take a categorical approach, comparing the types of crimes charged rather than the temporal or evidentiary overlap between the offenses." *Id*. "Other courts take a broader approach to the issue, considering not only the elements of the offenses, but also the temporal proximity of the crimes, the physical location of the acts, and the overlap in evidence." *Id*. While it appears the Fifth Circuit has not expressly adopted either test,[1] its precedent follows the categorical approach. *See United States v. Fortenberry*, 919 F.2d 923, 926 (5th Cir. 1990) (count charging transportation of undeclared firearm was of "same or similar character" to count

---

[1] *See United States v. Vavra*, No. 20-cr-65, 2020 WL 1941301, at *3 (W.D. Tex. Apr. 22, 2020).

2

charging possession of unregistered firearm because both counts were "weapons violation[s]").

Courts applying the categorical approach have concluded that drug distribution offenses are of "the same or similar character" within the meaning of Rule 8(a). *United States v. Berg*, 714 F.3d 490, 495 (7th Cir. 2013). While Armstrong argues the charges against him in Counts One, Eight and Nine are not similar to the charges in Count Sixteen because they involve different alleged quantities of methamphetamine,[2] he cites no authority, and this Court is aware of none, which stands for the proposition that drug offenses are of different characters because the quantities differ. To the extent drug offenses involving *different types* of drugs have been held to be of the same or similar character, *id.*, the Court declines to adopt Armstrong's argument regarding quantities. Rather, because each count against Armstrong charges a drug distribution offense, the Court concludes the requirements of Rule 8(a) have been met.[3]

### B.  Rule 14

Rule 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Even where potential prejudice is shown, "Rule 14 does not require severance." *Zafiro v. United States*, 506 U.S. 534, 538 (1993). "[R]ather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id*. at 539. "To warrant severance under Rule 14, the burden is upon the defendant to show clear prejudice." *United States*

---

[2] Doc. #181 at PageID #438.

[3] Because the drug distribution charged in Count Sixteen overlaps with the relevant time frame of the conspiracy charged in Count One, the result would have been the same under the broader approach to Rule 8(a). *See United States v. Drummondo-Farias*, 622 F. App'x 616, 617 (9th Cir. 2015) ("The first count charged Drummondo with conspiring to distribute methamphetamine in Hawaii, beginning at an unknown date and ending in January of 2012. The second count charged Appellant with distributing methamphetamine in Hawaii in December of 2010. In light of these similarities, … joinder was not improper.").

3

*v. Welch*, 656 F.2d 1039, 1053 (5th Cir. 1981). This prejudice must outweigh the government's interest in judicial economy, *United States v. Ballis*, 28 F.3d 1399, 1408 (5th Cir. 1994); and must be incurable through jury instructions or other means, *see Welch*, 656 F.2d at 1054.

Armstrong argues that "trying Count Sixteen with the other, more serious charges, will prejudice [him] in that the jury will be offered – in effect – a compromise verdict," which would allow conviction on the conspiracy charge in Count One.[4] Doc. #181 at PageID #439. However, once again, Armstrong offers no authority or evidence for the conclusory argument that a jury is likely to reach a compromise verdict when presented with more and less serious charges. Furthermore, even if trial on more and less serious charges carried a risk of a compromise verdict, Armstrong has offered no argument that this risk could not be mitigated through a proper jury instruction. Accordingly, the Court concludes that Armstrong has failed to establish the existence of prejudice and, therefore, he is not entitled to severance.

## III
## Conclusion

Armstrong's "Motion for Relief from Prejudicial Joinder of Counts" [181] is **DENIED**.

**SO ORDERED**, this 18th day of May, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] Although not framed as an issue of prejudice, Armstrong also appears to argue that severance should be granted because he is less culpable than other conspirators. Doc. #181 at PageID #439. This argument is without merit. *See United States v. Shivers*, No. 4:15-cr-73-9, 2016 WL 7218023, at *5 (N.D. Miss. Nov. 30, 2016) ("[A] defendant's alleged limited participation in a conspiracy does not justify severance.") (citing *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993)).